UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUSSWORM, | CV F   05 649 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Docs. 3, 7.) |
| YATES, et. al., | |
| Defendants. | |

Dana Russworm ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 17, 2005.  Also on May 17, 2005, Plaintiff filed a Motion For Preliminary Injunctive Relief and Temporary Restraining Order wherein Plaintiff requests the Court issue an Order requiring Defendants to ensure that Plaintiff receives his legal mail in a "single volume" if the mail exceeds 10 pages and further allow him to receive his mail without regard to volume restrictions.  Plaintiff filed a Supplement to the Motion on June 19, 2005, alleging he is being denied access to the Courts.

**A. Injunctive Relief**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who

1  "demonstrates either (1) a combination of probable success and the possibility of irreparable
2  harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
3  Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
4  approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an
5  injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a
6  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
7  questions serious enough to require litigation." Id. "A federal court may issue an injunction if it
8  has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may
9  not attempt to determine the rights of persons not before the court*." Zepeda v. United States
10 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).
11         In this case, the Court has yet to screen Plaintiff's Complaint .  Thus, it is unclear whether
12 the Complaint states a claim against the named Defendants.  Unless and until such a finding
13 occurs by the Court, no Defendant will be required to Answer to the allegations raised in the
14 Complaint.  Plaintiff is not entitled to preliminary injunctive relief until such time as the court
15 finds that his complaint contains cognizable claims for relief against the named defendants and
16 the named defendants have been served with the summons and complaint.  At this juncture, the
17 Motion for Preliminary Injunctive relief is premature.  Plaintiff is cautioned to any further
18 Motions for Preliminary Injunctive relief that are filed before Defendants are served with process
19 in this case will be denied as premature.
20         Further, even if, at a future time, the Court finds Plaintiff has stated cognizable claims for
21 relief and this action proceeds forward, the court cannot issue orders that do not remedy the
22 claims alleged in this action.  Thus, Plaintiff is not entitled to orders that, rather than serving to
23 remedy the claims in this action, serve to allow Plaintiff to litigate this action more effectively.
24 **B. Access to Courts**
25         In his supplemental Motion, Plaintiff complains that the prison mail restrictions and
26 failure to respond to grievances are denying him access to the Courts.
27         Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey,
28 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the

inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

      Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury. Some of the appeals that plaintiff alleges went unanswered or unacknowledged concern the conditions of confinement in the SHU. Plaintiff is pursing those very claims in this action. Given that plaintiff is currently pursuing those claims in this action, plaintiff may not be heard to complain that because his appeals have gone unanswered, he has suffered actual injuries with respect to those claims. Plaintiff's concern that he may in the future suffer a dismissal of his suit or suits on the ground that he failed to complete the grievance procedure is insufficient to meet the actual injury requirement. Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit

Court stated that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to the grievances.'"  Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001 WL 755137, at *3 (N.D.Ill. July 2, 2001)).  Thus, it is not a foregone conclusion that plaintiff will ultimately suffer dismissal because his appeals have gone unanswered.  Until Plaintiff suffers some actual prejudice with respect to his suits and this prejudice results from prison officials' failure to respond to his appeals, Plaintiff has not suffered an actual injury.  At this juncture, Plaintiff's access to the courts claims stemming from the inadequacies of the inmate appeals process is premature.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Motion for Preliminary Injunctive Relief and Temporary Restraining Order be DENIED.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within TWENTY  (20) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)

IT IS SO ORDERED.

**Dated:     October 3, 2005**             /s/ Lawrence J. O'Neill
b9ed48                                                 UNITED STATES MAGISTRATE JUDGE