UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANA RUSSWORM,   1:05-cv-00649-AWI-LJO-P

        Plaintiff,   **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 14)

vs.

YATES, et al.,   **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

        Defendants.
_____/

Plaintiff, Dana Russworm ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 15, 2005, the Magistrate Judge filed Findings and Recommendations that recommended the complaint be dismissed without leave to amend. The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On December 30, 2005, plaintiff filed objections to the Magistrate Judge's Findings and Recommendations.[1]

---

[1] The court did not immediately adopt the Findings and Recommendations because Plaintiff had filed a notice of appeal. The filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in that action during the pendency of the appeal. Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988). The appeal has been resolved, and the court now turns to the pending Findings and Recommendations.

1

1    In accordance with the provisions of 28 U.S.C.
2 § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3 de novo review of this case.  Having carefully reviewed the
4 entire file, the Court finds the Findings and Recommendations to
5 be supported by the record and by proper analysis.  The complaint
6 alleges that prison officials have denied Plaintiff access to the
7 courts to pursue his pending state habeas corpus petition.  As
8 explained by the Magistrate Judge, inmates have a fundamental
9 constitutional right of access to the courts.  Lewis v. Casey,
10 518 U.S. 343, 346 (1996).  However, the right of access is merely
11 the right to bring to court a grievance, and it is limited to
12 direct criminal appeals, habeas petitions, and civil rights
13 actions.  Id. at 354.  The State is not required to enable the
14 inmate to discover grievances or to litigate effectively once in
15 court.  Id.  Here, the Magistrate Judge found that the complaint
16 failed to state a claim because Plaintiff was not alleging
17 interference with his ability to bring a state habeas petition to
18 the state court; Rather, Plaintiff was alleging interference with
19 his ability to effectively litigate.  The court agree's with this
20 analysis of the complaint.
21    In the objections, Plaintiff contends that the Magistrate
22 Judge read his complaint too narrowly.  Plaintiff alleges that he
23 has been denied all access to the courts, including the ability
24 to bring actions.  In general, if a complaint is dismissed for
25 failure to state a claim, leave to amend should be granted unless
26 the allegation of other facts consistent with the challenged
27 pleading could not possibly cure the deficiency.  Schreiber
28 Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393,

1401 (9th Cir. 1986). In addition, pro se incarcerated inmates should be given notice of their complaint's and an opportunity to amend prior to dismissing an action. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim). Plaintiff has not been given the opportunity to amend his complaint. Because Plaintiff contends in his objections that he does have claims that allege prison officials prevented him from filing actions concerning his conviction or prison conditions, the complaint will be dismissed with leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 15, 2005, are ADOPTED;

2. Plaintiff's complaint is dismissed, with leave to amend;

3. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint bearing the caption "First Amended Complaint;" and

4. Plaintiff's failure to file an amended complaint in compliance with this order will result in this action's dismissal.

IT IS SO ORDERED.

Dated:   November 19, 2006              /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE