IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RUSSWORM,<br><br>       Plaintiff,<br><br>vs.<br><br>YATES, et al.,<br><br>       Defendants. | 1:05-cv-00649-AWI-NEW-P<br><br>**ORDER DISMISSING ACTION**<br>(Doc. 23) |

    Dana Russworm ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On November 20, 2006, the District Court adopted Findings and Recommendations issued December 15, 2005, in part and instead, dismissed the Complaint with leave to amend. Plaintiff was to file an Amended Complaint within thirty (30) days from the date of service of that order. On January 4, 2007, Plaintiff filed a motion to extend time. On February 15, 2007, the Court granted Plaintiff an additional thirty (30) days within which to comply. The thirty-day period has passed, and Plaintiff has failed to comply with or otherwise respond to the Court's order(s).

    Local Rule 11-110 provides that "failure of counsel or of a

1

1  party to comply with these Local Rules or with any order of the
2  Court may be grounds for the imposition by the Court of any and all
3  sanctions . . . within the inherent power of the Court." District
4  courts have the inherent power to control their dockets and "in the
5  exercise of that power, they may impose sanctions including, where
6  appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
7  782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
8  with prejudice, based on a party's failure to prosecute an action,
9  failure to obey a court order, or failure to comply with local
10 rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
11 1995)(dismissal for noncompliance with local rule); Ferdik v.
12 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
13 failure to comply with an order requiring amendment of complaint);
14 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
15 failure to comply with local rule requiring pro se plaintiffs to
16 keep court apprised of address); Malone v. U.S. Postal Service, 833
17 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
18 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
19 1986)(dismissal for failure to lack of prosecution and failure to
20 comply with local rules).
21      In determining whether to dismiss an action for lack of
22 prosecution, failure to obey a court order, or failure to comply
23 with local rules, the court must consider several factors: (1) the
24 public's interest in expeditious resolution of litigation; (2) the
25 court's need to manage its docket; (3) the risk of prejudice to the
26 defendants; (4) the public policy favoring disposition of cases on
27 their merits; and, (5) the availability of less drastic
28 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order of November 20, 2006, expressly stated: "Plaintiff's failure to file an amended complaint in compliance with this order will result in this action's dismissal."  Thus, Plaintiff had adequate warning that dismissal would result from non-compliance with the court's order(s).

Accordingly, the court HEREBY DISMISSES this action based on Plaintiff's failure to obey the court's order of November 20, 2006. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:    April 27, 2007**            /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE

3